**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ALONZO JAMES JOSEPH, No. 2:13-CV-0879-CMK-P

Plaintiff,

vs. ORDER

S. HEATLEY, et al.,

Defendants.

_______________________________/

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following defendants: S. Heatley; S. Johnson; M. Brady; and L.D. Zamora. Plaintiff alleges:

> On 7-3-2012, inmate Garza. . . was discovered to have spinal meningitis, a virus known to kill if you don't detect it in time. The housing building was suppose to be quarantine to that the virus won't get spreaded, and that won't nobody be subjected to catching the virus, while apparently a couple of other people had caught the "bacteria" of the meningitis, because those couple of inmates had the same symptoms. Epidemics of meningococcal meningitis may occur in such environments as other small groups of people in close contact. The medical department had a obligation to make sure that us inmates be protected from catching the virus. They failed to activate the quarantine, when they first became aware of the spinal meningitis. It shouldn't have to be infected to be compensated, it's the fact that the medical department was negligent on there part, for not activating the quarantine, allowing me to be in danger of this deadly disease. They failed to follow there own procedures and guidelines.

Plaintiff does not allege that he ever contracted meningitis.

/ / /

/ / /

/ / /

/ / /

Plaintiff outlines the following timeline of events relating to the prison grievance process:

| | |
|---|---|
| October 4, 2012 | Plaintiff filed an inmate grievance stating that his health and welfare was being put in danger by the prison medical department. |
| October 9, 2012 | Defendant S. Johnson interviewed plaintiff and denied his grievance. |
| October 18, 2012 | Defendant M. Brady upheld defendant S. Johnson's denial. |
| October 19, 2012 | Plaintiff filed a "Dissatisfied Response" to defendant M. Brady's decision. |
| November 9, 2012 | Defendant S. Heatley denied plaintiff's inmate grievance. |
| November 15, 2012 | Plaintiff filed a "Dissatisfied Response" to defendant S. Heatley's decision. |
| April 23, 2013 | Defendant L.D. Zamora denied plaintiff's grievance. |

Plaintiff claims that, as a prison nurse, defendant S. Johnson is responsible for the health and welfare of all inmates. He claims that defendant M. Brady, as the supervising prison nurse, is responsible for the other nurses' conduct. He claims that defendant S. Heatley, as the chief prison physician, is responsible for all medical decisions at the prison. Plaintiff claims that defendant L.D. Zamora, as the chief appeals coordinator is liable by virtue of his handling of plaintiff's inmate grievances.

Plaintiff attaches to his complaint the various responses to his inmate grievances. In the first level response dated October 18, 2012, defendant M. Brady states:

> During the first level interview, PHN, Johnson explained although she could not talk about Mr. Garza's medical status with you, she did tell you that there are many types of spinal meningitis and that viral and other types of meningitis are not as serious as bacterial meningitis, are not known to kill, and quarantine is not recommended per the Centers for Disease Control (CDC) handouts PHN, Johnson provided to you. PHN, Johnson explained that although it is true that bacterial meningococcal meningitis can occur in such environments, we have had no cases of bacterial meningococcal meningitis at Mule Creek State Prison (MCSP) since she

> has been the PHN here and we do not have any now. PHN, Johnson explained that no quarantine was indicated in this case and encouraged you to read the CDC handouts provided to you on viral meningitis and bacterial meningitis.

## II. DISCUSSION

Plaintiff claims that defendants are liable for putting his health at risk. The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from harm. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v.

Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

On the facts alleged in the complaint, plaintiff cannot state a claim. Specifically, as indicated in the October 18, 2012, first level response to plaintiff's inmate grievance, which plaintiff attaches to and references in his complaint, no quarantine was required because bacterial meningitis was not present. Thus, plaintiff cannot establish the subjective element of his claim – that he was housed under conditions which presented a substantial risk of serious harm.

## III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim; and
2. The Clerk of the Court is directed to enter judgment and close this file.

DATED: September 22, 2016

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE